By the Court.—Ingraham, J.
The defendant testified positively that he and his brother did business at his present place- of business in the year 1878 as “ The Westchester Hat Company ” ; that subsequently, in the year 1880, they started a store at 138 Ewen street, Williamsburg, and that that business was carried on under the name of “ The Westchester Clothing Co.”; and his testimony was corroborated by his brother and others.
While it cannot be said that their evidence is free from criticism, the trial judge, having heard the testimony' and seen the witnesses, his finding of fact *3 cannot be disturbed. The trial judge found as follows.
“V. The defendant, in the year 1878, associated with himself in his said business his brother Louis Levy, and thereupon an addition was made to said business of dealing in hats, under the name of the ‘Westchester Hat Company,’ and the business was carried on and such name used for a few months, when the hat business was discontinued.
“ VI. The defendant, in the year 1880, formed a copartnership with his brother Louis Levy and one Jacob Bach, who thereupon opened a retail clothing business at 138 Ewen street, in the city of Brooklyn, New York, and that said parties at that time began the use of the name ‘Westchester Clothing Company’ in the carrying on of said business.
“VIII. The defendant has had, since 1880, conspicuous signs in and about his place of business at number 2714 Third avenue, New York city, containing the words ‘ New York and Westchester Clothing Company; ’ and his business which was, on or about the year 1882, enlarged to take in three stores, has been from that time until the present advertised in the Westchester Times newspaper, and has become well known to the residents of what was formerly Westchester county under said name.”
The name of the “Harlem and Westchester Clothing Co.” was not adopted by the plaintiffs until October, 1881. It is clear that the plaintiffs cannot prevent the use by the defendant of the name “ Westchester ” when it was adopted and used by defendant as the name under which his business was carried on before it was adopted by the plaintiffs.
The case from the plaintiffs’ standpoint does not present a strong claim for equitable relief. The stores of the plaintiffs and defendant are more than a mile apart. The names adopted are not alike, one being the “Harlem and Westchester Clothing Company” *4 and the other the “New York and Westchester Clothing Company.” Neither are manufacturers of goods ; there is no question of trade mark, and according to plaintiffs’ own evidence the defendant was using this title within a short time after the plaintiffs adopted the name which they seek to protect, and the plaintiffs have allowed, without objection or protest, the defendant to use the name for upward of seven years, although for a time having a branch store directly opposite the defendant’s store and being thus competitors in business. All this tends to show an acquiescence in the use by the defendant of the name adopted by him. It is not, therefore, necessary to determine the interesting question as to Avhether or not a party can, by adopting a geographical name as the name under which he does business, acquire such property right to use that name as to prevent others from using it in any combination for the same purpose.
I think the judgment was right and should be. affirmed, with costs.
Sedgwick Ch. J. and Freedman, J., concurred.